UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Dorothy A. Sullivan, Administrator of</u>
<u>the Estate of Leonard L. Dobens</u>

    v.                                    Civil No. 15-cv-183-JL
                                         Opinion No. 2016 DNH 045
<u>Kathleen M. O'Connor,</u>
<u>New York Life Insurance Co., and</u>
<u>Securian Life Insurance Co.</u>


<u>**MEMORANDUM ORDER**</u>

This civil action, removed from state court, involves
dueling claims to life insurance proceeds of a decedent who died
intestate in December 2014.  Leonard L. Dobens ("Dobens"), who,
at the time of his death, was insured under a group policy issued
by defendant Securian Life Insurance Co. through a plan sponsored
by Dobens's former employer, defendant New York Life Insurance
Co. ("the Securian policy").  His daughter, plaintiff Dorothy
Sullivan is the Administrator of his estate.  The other remaining
defendant is Kathleen O'Connor, who was divorced from Dobens in
2004 after what the Complaint describes as a "short" marriage.[1]
The Securian policy names ex-wife O'Connor as the primary
beneficiary.  Sullivan claims that the Dobens's divorce decree
extinguished O'Connor's right to the policy's benefits – roughly

---

[1]The court previously granted New York Life Insurance Co.'s
motion to dismiss the single claim of negligence asserted against
it, (doc. no. 12), to which Sullivan did not object.

$70,000 – and that the proceeds should be distributed to Sullivan and her two brothers, Charles Dobens and Leonard Dobens, Jr., as equal beneficiaries.

Together with answering the complaint, Securian filed a combined counterclaim and crossclaim against Sullivan and O'Connor, respectively, seeking interpleader relief with respect to the disputed policy proceeds.  See 28 U.S.C. § 1335 and Fed. R. Civ. P. 22.  Securian seeks to deposit the disputed funds with the Clerk of Court, Fed. R. Civ. P. 67, and reimbursement (from the policy proceeds) of the legal fees and costs associated with defending this lawsuit.

There are two motions pending before the court.  First, O'Connor moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Sullivan's claims are pre-empted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and that Securian's interpleader action is thereby mooted. Both Sullivan and Securian timely objected.  Shortly thereafter, Securian moved for judgment on the pleadings with respect to its interpleader claim, to which only O'Connor objected.  See Fed R. Civ. P. 12(c).

After review of the pleadings, motions, objections, the insurance policy at issue, and certain other documents[2] in the administrative record, the court grants O'Connor's motion to dismiss, but will allow Sullivan to seek leave amend her complaint to assert a viable ERISA claim.  Securian's motion for judgment on the pleadings is denied, without prejudice to renewal should Sullivan file an amended complaint.

## I.  **Standard of review**

To survive a motion to dismiss under Rule 12(b)(6), the party bringing the claims must make "factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'" Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In ruling on such a motion, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  A motion for

---

[2] While the court ordinarily may not consider documents outside the pleadings in ruling on a motion to dismiss or for judgment on the pleadings, a document "sufficiently referred to in the complaint . . . merges into the pleadings" and can properly be considered by the court.  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001). Both the life insurance policy at issue and the Dobbens's divorce stipulation fit this description.

judgment on the pleadings under Rule 12(c) is evaluated under essentially the same standard as a Rule 12(b)(6) motion.  See Perez–Acevedo v. Rivero–Cubano, 520 F.3d 26, 29 (1st Cir. 2008). With this standard in mind, the court turns to the Complaint.

## II.  **Background facts**

In August 2002, Dobens named "Kathleen O'Connor Dobens," his then-wife,[3] as the first beneficiary on a life insurance policy offered by his employer, New York Life Insurance Co.  The policy was issued by a Securian subsidiary.  The policy required any beneficiary changes to be submitted in writing.  Dobens and O'Connor were divorced in New Hampshire state court in August 2004 and had no relationship thereafter.  One provision of the permanent stipulation that ended the divorce case is relevant here.  Paragraph 11, captioned "Life Insurance," provides that "[e]ach party is awarded all policies of life insurance standing in his/her own name, free of any claim or interest of the other and without restriction."  The divorce notwithstanding, O'Connor remained as the first beneficiary in the Securian policy for the remainder of Dobens's life.

---

[3] For ease of reference, the court will refer to the former Mrs. Dobens as "O'Connor" regardless of the time period being discussed.

4

Upon Dobens's death, Securian informed Sullivan and her siblings that O'Connor remained as the primary beneficiary on the Securian policy.  The children, however, believe that Securian and New York Life acted in error, and that the beneficiary designation "should have been changed, pursuant to the wishes of Leonard Dobens, from Kathleen O'Connor to his three (3) children."  (Complaint ¶ 23).  They base this claim on the above-quoted language in the divorce stipulation.  Plaintiff also alleges that Dobens "[a]ssured his children that Kathleen had been removed from all benefit plans and that the life insurance proceeds were to be paid to his children."  (Id. at ¶ 27).

Sullivan filed suit in New Hampshire Superior Court in April 2015.  Securian timely removed the case to this court, citing 28 U.S.C. § 1331 (federal question jurisdiction) and ERISA.[4]  Two counts remain following New York Life Ins. Co.'s dismissal:  1) a request that the court impose a constructive trust on the policy proceeds and designate the three Dobens children as trust beneficiaries; and 2) breach of contract (the divorce decree) against O'Connor.

---

[4] Cases involving ERISA preemption are "'necessarily federal in character,'" and therefore this case "'arises under ... the laws ... of the United States'" for jurisdictional purposes. Fitzgerald v. Codex Corp., 882 F.2d 586, 588 (1st Cir. 1989) (citation omitted).

### III. **Legal analysis**

A.   ERISA preemption

ERISA provides for the "preemption of all state law causes of action insofar as they may now or hereafter relate to any employee benefit plan." McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998); 29 U.S.C. § 1144(a).  This provision is "conspicuous for its breadth" and serves to preempt state law claims even if their effect on ERISA is "indirect." Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000).  At the same time, ERISA does not preempt state law claims if those claims "affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant a finding that the law 'relates to' the plan." Shaw v. Delta Airlines, Inc., 463 U.S. 85, 100 n.21 (1983).

ERISA preemption analysis involves "two central questions: (1) whether the plan at issue is an 'employee benefit plan' and (2) whether the cause of action 'relates to' this employee benefit plan." McMahon, 162 F.3d at 36 (citing Rosario-Cordero v. Crowley Towing and Transp. Co., 46 F.3d 120, 124 (1st Cir. 1995)).  Neither party disputes that Dobens's life insurance policy, issued by Securian pursuant to New York Life's benefit package, is an ERISA "employee benefit plan."  The question, then, is whether Sullivan's claims for constructive trust and

6

breach of contract "relate to" Leonard Dobens's benefit plan for
preemption analysis purposes.  A cause of action "'relates to a
covered employee benefit plan ... if it [1] has a connection with
or [2] a reference to such a plan.'" Carpenters Local Union No.
26 v. U.S. Fidelity & Guar. Co., 215 F.3d 136, 140 (1st Cir.
2000) (citing Cal. Div. of Labor Standards Enforcement v.
Dillingham Constr., 519 U.S. 316, 324 (1997)).  "Under this
'broad common sense meaning,' a state law may 'relate to' a
benefit plan, and thereby be pre-empted, even if the law is not
specifically designed to affect such plans . . . ." Ingersoll-
Rand Co. V. McClendon, 498 U.S. 133, 139 (1990) (quoting Pilot
Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47,(1987)).

     As the First Circuit Court of Appeals has recognized,
"[d]rawing the line between those state laws that 'relate to'
ERISA-regulated plans, and those that are only 'tenuous, remote
or peripheral' has proven considerably difficult in practice,
producing an 'avalanche of litigation.'" Hampers, 202 F.3d at 49
(quoting DeBuono v. NYSA-ILA Med. & Clinical Servs. Fund, 520
U.S. 806, 809 n.1 (1997)).  The Court of Appeals suggested that
in "drawing the line," the court should focus on ERISA's
"carefully crafted civil enforcement scheme," 29 U.S.C.
§ 1132(a), as the ERISA provisions provide guidance as to which
causes of action ERISA preempts.  Id. at 50; see Pilot Life Ins.

Co., 481 U.S. at 54 ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."); see also Turner v. Fallon Cmty. Health Plan, 127 F.3d 196, 197-98 (finding state law claims preempted where those claims fell within ERISA's civil enforcement scheme). As relevant here, the civil enforcement provisions of ERISA allow a plan participant or beneficiary to sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. 29 U.S.C. § 1132(a). Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits. Pilot Life Ins., 481 U.S. at 53.

Ultimately, the court's inquiry must keep in mind that ERISA "ensure[d] that plans and plan sponsors would be subject to a uniform body of benefits law." New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 656 (1995). The Travelers court identified three categories of state laws subject to ERISA preemption: (1) state laws that "mandate[ ] employee benefit structures or their administration,"

(2) state laws that "bind plan administrators to [a] particular choice," and (3) state law causes of action that provide "alternative enforcement mechanisms" to ERISA's enforcement regime. Id. at 658-59. With this framework in place, the court turns to Sullivan's specific causes of action.

1. Breach of contract

In analyzing Sullivan's breach of contract claim, the court finds instructive the Supreme Court's reasoning in a factually similar case, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). There, the children of a decedent sued their father's second wife, whose marriage to the decedent ended in a divorce shortly before his intestate death. Id. at 144. At the time of death, the wife was the named beneficiary under the decedent's employer-sponsored life insurance policy and pension. Id. The children argued that they were entitled to the life insurance proceeds because a Washington state statute disqualified the wife as a beneficiary of a non-probate asset as a result of the divorce. Id. at 145. Although the state trial court found in the wife's favor, both the intermediate appellate court and Washington Supreme Court found, inter alia, that the statute lacked a "connection with" the ERISA plan. Id. at 145.

The Court reversed, noting several different ways that the statute had a "connection with" the ERISA plan. First the Court

9

observed that the statute binds plan administrators to pay
benefits according to state rules, rather than plan documents.
Id. at 147.  This would run counter to ERISA's requirements that
a plan specify the basis of payments to and from the plan, and
that the plan be administered in accordance with its governing
documents regarding beneficiaries designated by a participant or
by the plan.  Id. (citing 29 U.S.C. §§ 1102(b)(4), 1104
(a)(1)(D), and 1002(8)).

Next, the Court found that application of the state statute
would interfere with ERISA's imposition of national uniformity in
plan administration.  Id. at 148 (citing Fort Halifax Packing Co.
v. Coyne, 482 U.S. 1, 9 (1987)).  "Uniformity is impossible,
however, if plans are subject to different legal obligations in
different States" and "[p]lan administrators cannot make payments
simply by identifying the beneficiary specified in the plan
documents."  Id.

Finally, the Court noted that the uniformity problem could
be exacerbated by choice-of-law concerns if an administrator was
faced with a situation where an employer, a plan participant, and
an ex-spouse live in different states, each of which impose
conflicting legal obligations.  Id. at 149.

Here, Sullivan's requested relief for O'Connor's alleged
breach of the divorce stipulation is that the court order

10

O'Connor "to disclaim her interest as a beneficiary" under Dobens's life insurance policy.  In the court's view, such relief "relates to" the ERISA plan at issue as it falls squarely within ERISA's enforcement powers as set forth in 29 U.S.C. § 1132(a).  Moreover, granting Sullivan the requested relief would also run afoul of the Court's mandate to pay heed to ERISA's requirements, as it would both "bind the plan administrator" and serve as an "alternative enforcement mechanism."  Travelers, 514 U.S. at 658-59.

In addition, the Egelhoff court's choice-of-law concerns are implicated here because Sullivan, O'Connor and Securian are citizens of New Hampshire, Massachusetts and Minnesota, respectively, while New York Life, the plan administrator, is a New York Corporation.

Against this legal and factual backdrop, the court finds that Sullivan's breach of contract claim is preempted by ERISA.[5]

---

[5] O'Connor also relies on this court's decision in Metropolitan Life v. Hanson, 2009 DNH 146, a case which involved a dispute among a decedent's children and two ex-wives over life insurance proceeds.  In that case, the court first observed that if ERISA applied, state law surrounding the divorce decrees would be preempted and the insurance proceeds would go to the named beneficiary, decedent's third wife, who claimed that ERISA's anti-alienation policy, 29 U.S.C. § 1056, controlled such that decedent's first divorce decree could not re-direct the policy proceeds to his children.  The court, however, found that the anti-alienation provision (and preemption) did not apply to the qualified domestic relations order (QDROs) specifically naming decedent's first wife and children as beneficiaries.  Id. at 6-8.

2. <u>Constructive trust</u>

Sullivan's state-law constructive trust claim warrants little discussion.  Here, Sullivan asks that the court impose a trust on the life insurance proceeds and that the trust then designate the three Dobens children as beneficiaries.  It is hard for the court to conceive of a state law cause of action that "relates to" an ERISA plan more than one that would essentially seize the plan's funds – which have not been distributed – and treat the plan as a nullity.  It is therefore pre-empted.  <u>Cf.</u> <u>Nikolopoulos v. Nikolopoulos</u>, 2006 DNH 137 (finding that constructive trust claim does not fall within ERISA where funds have already been distributed to decedent's children's step-mother).[6]

---

O'Connor seizes on the court's "if ERISA applied" language for the proposition that only a QDRO can defeat preemption.  The court, however, did not undertake that particular analysis, so the fit is not as precise as O'Connor claims.

[6] Although the defendant has not pursued this line of argument, the court points out that creating a constructive trust where no policy proceeds have been distributed might implicate ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1).  <u>See</u> <u>Hoult v. Hoult</u>, 373 F.3d 47, 54-55 (1st Cir. 2004) (holding that court order requiring judgment debtor to disgorge pension <u>benefits already received</u> did not violate anti-alienation provision).

## IV.   **Conclusion**

For the reasons set forth herein, Sullivan's claims for breach of contract and constructive trust are preempted by ERISA. Accordingly, O'Connor's motion to dismiss[7] is GRANTED.  The court, however, is mindful of the Court of Appeals's admonition that district courts "should not hasten to employ technical rules of pleading and practice to defeat" ERISA's goal of "fashion[ing] anodynes that protect the interests of plan participants and beneficiaries." Degnan v. Publicker Industries, 83 F.3d 27, 30 (1st Cir. 1996) (citing Fitzgerald v. Codex Corp., 882 F.2d. 586, 588 (1st Cir. 1989)).  Thus, Sullivan may seek leave to amend her complaint by **March 19, 2016**, to state a viable ERISA claim.  See, e.g., Perrotti v. Wal-Mart Stores, Inc., 2006 DNH 005.  The court DENIES Securian's motion for judgment on the pleadings[8] as moot without prejudice to the motion's renewal should Sullivan amend her complaint.  If leave to amend is not sought by **March 19, 2016,** judgment will be entered for the defendants.

---

[7] Doc. no. 18.

[8] Doc. no. 20.

13

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: March 2, 2016

cc:  Robert M. Shepard, Esq.
     Tanya L. Spony, Esq.
     John A. Wolkowski, Esq.
     Megan E. Douglass, Esq.
     Gary M. Burt, Esq.

14